

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth H. Ashworth
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas    78711

Opinion No. MW-592

Re: Whether a public institu-
tion of higher education may,
consistent with article 3.50-3
of the Texas Insurance Code,
self-insure its employees
without purchasing a group
insurance policy

Dear Mr. Ashworth:

You inquire as to the ability of a public senior college or university to establish a self-insurance fund to provide life, accident, and health coverage to its employees.

In 1977, the Texas State College and University Employees Uniform Insurance Benefits Act was enacted to provide, inter alia, uniformity in the basic group life, accident, and health insurance coverages for all employees of Texas state colleges and universities. Tex. Ins. Code art. 3.50-3. A public senior college or university is an institution required by the act to provide basic insurance benefits for its employees. Tex. Ins. Code art. 3.50-3, §3(a)(8). Only "qualified carriers" are eligible to bid on the insurance coverage to be provided according to the act. Tex. Ins. Code art. 3.50-3, §4(b)(4)(D)(i). Pursuant to section 3(a)(11) of the act, a "qualified carrier" is:

> (A) any insurance company authorized to do business in this state by the State Board of Insurance to provide any of the types of insurance coverages, benefits, or services provided for in this Act under any of the insurance laws of the State of Texas, which has an adequate surplus, a successful operating history, and which has had successful experience in providing and servicing any of the types of group coverage provided for in this Act as determined by the State Board of Insurance;

> (B) any corporation operating under Chapter 20 of the Texas Insurance Code which provides any of the types of coverage, benefits, or services provided for in this Act, which has a successful operating history, and which has had successful experience in providing and servicing any of the types of group coverage provided for in this Act as determined by the State Board of Insurance; or
>
> (C) any combination of carriers as herein defined, upon such terms and conditions as may be prescribed by the administrative council.

The act further provides that an institution may select and contract for services performed by health maintenance organizations that have authorization to offer health care services to eligible employees in a specific area of Texas. Tex. Ins. Code art. 3.50-3, §4(b)(4)(D)(iv). A self-insured state college or university is not a qualified carrier under the act nor a licensed H.M.O. Therefore, a self-insurance arrangement as described in your request would be impermissible.

Conditioned upon a negative response to your first inquiry, you ask whether a public senior college or university may establish a self-insurance fund in conjunction with the purchase of a stop-loss insurance policy from an insurance company to provide its employees and their dependents with the basic health, life, and accident coverages. We interpret you as asking whether the stop-loss (or excess) policy with a qualified carrier would, in combination with a self-insurance program, assure employees and dependents of the provision of required coverages. In light of the act's clear requirement that the basic coverage be provided by a "qualified carrier," our opinion is that a self-insurance program may not be used to provide any or all of the minimum required coverage.

## S U M M A R Y

A self-insurance fund may not be used by a state senior college or university to provide any or all of the uniform life and accident and health benefits required by article 3.50-3 of the Texas Insurance Code.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Catherine B. Fryer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Catherine B. Fryer
Rick Gilpin
Jim Moellinger